UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-08251 FMO (PVC)                              Date: February 4, 2021

Title   Joseph Gilberti, Jr. v. Center for Disease Control, et al.

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**PROCEEDINGS:  [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE TRANSFERRED TO THE MIDDLE DISTRICT OF FLORIDA, FORT MYERS DIVISION**

Plaintiff, a Florida resident proceeding *pro se*, has filed a largely indecipherable and nonsensical civil complaint against a vast number of Defendants alleging numerous RICO violations under 18 U.S.C. § 1962,[1] and, potentially, civil rights violations under 42 U.S.C. § 1983, among other claims. ("Complaint," Dkt. No. 1 at 22-32). However, like Plaintiff, none of the named Defendants resides in this district or even this state, and none of the acts these Defendants purportedly committed occurred here. The Central District of California appears to be a patently improper venue for this action, and to the extent that a proper forum exists, the Middle District of Florida is seemingly the most convenient. Accordingly, for the reasons stated below, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be transferred to the Middle District of Florida.

---

[1] The Court construes Plaintiff's RICO claims to arise under 18 U.S.C. § 1964(c), which authorizes private suits under certain conditions for violations of § 1962.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-08251 FMO (PVC)                                  Date:  February 4, 2021

Title         Joseph Gilberti, Jr. v. Center for Disease Control, et al.

According to the caption of the Complaint, Plaintiff is suing the following entities and officials:

- **Florida State Courts**:  Twelfth Judicial Circuit Court of Florida (Sarasota County); "Sarasota Clerk of Court"; Thirteenth Judicial Circuit Court of Florida (Hillsborough County); Seventeenth Judicial Circuit Court of Florida; and Second District Court of Appeals of Florida (Compl. at 10);[2]

- **Florida State Agencies:**  Florida Department of Environmental Protection; Florida Board of Engineers; Florida Department of Health; Florida Department of Law Enforcement; Department of Education; Department of Corrections;[3]

- **Florida Local Agencies:**  Broward County School Board; Broward County State Attorneys Office; Hillsborough County Public Defender Office; Hillsborough County State Attorneys Office; Parkland High School;

- **Florida Government Officials:**  "Hillsborough State Attorneys" Pam Bondi, Ashley Moody, and Mark Ober (*id*. at 15); and Broward County Public Defender Christopher Shaw (*id.* at 18);

---

[2] This list of Defendants includes some information provided in the body of the Complaint where the Defendant's location or title is not evident from the Defendant's name alone.  Otherwise, Defendant's names are taken simply from the caption of the Complaint, which does not fully mirror the shorter list of Defendants in the body of the Complaint.  (Complaint at 9-11).

[3] The caption names only the "Department of Education" and the "Department of Corrections" without clearly identifying whether Plaintiff is attempting to sue federal agencies or their state equivalents.  However, because these Defendants are named in the caption among other Florida entities and persons, the Court presumes that Plaintiff intends to sue the Florida Department of Education and the Florida Department of Corrections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-08251 FMO (PVC)                           Date:  February 4, 2021

Title         Joseph Gilberti, Jr. v. Center for Disease Control, et al.

- **Florida Corporations**: 72 Partners LLC (a Florida Limited Liability Corporation) (*see id*. at 11);

   **Federal Courts:**  United States District Court of Appeals 11th Circuit [sic]; United States Middle District Court of Florida [sic]; United States District Court for the District of Columbia;

- **Federal Agencies:**  United States Centers for Disease Control (Atlanta, Georgia); Department of Justice;[4]

- **Federal Government Officials:**  United States Senator Rick Scott (Florida); and

- **International Agencies:**  World Health Organization-Pan American Health Organization.

    The Complaint is nearly devoid of coherent allegations or claims.  However, at a minimum, Plaintiff appears to allege that Defendants are somehow engaged in a vast conspiracy to "subdue" him for having found "a hidden underground Natural resource in Medicine, Energy and Water Supply production and in National Defense."  (*Id.* at 3). Plaintiff claims that Defendants have "teamed up against [him] to steal a hidden underground resource which [is] more valuable tha[n] Gold, in an effort to hide it and its knowledge to find more like it from THE AMERICAN PEOPLE; and keep cancer and diseases rising in the region from Water supply being treated from polluted rivers and corporate dumping at the Taps [sic]."  (*Id.* at 5).  The valuable resource appears to be "a critical underground Aquifer" that Plaintiff owns in Sarasota County, Florida "with medicine changing readings that are capable of delivering Antioxidant Spring water

---

[4] The caption does not clearly indicate that Defendant is attempting to sue the United States Department of Justice, but because "Department of Justice" is named among other federal Defendants, the Court presumes that Plaintiff intends to sue the federal agency.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-08251 FMO (PVC)                                              Date:  February 4, 2021

Title           Joseph Gilberti, Jr. v. Center for Disease Control, et al.

supply to over 10 million taps from Tampa to Miami." (*Id.* at 9).  Plaintiff claims that his aquifer is "tied to a much deeper Global vast Ocean from geological and water quality indicators shown in public record engineer reports, permit petitions, consultant presentations, and third party lab results." (*Id.*).

The federal venue statute requires that a civil action based on a court's federal question jurisdiction be brought only in:  (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no judicial district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).

Plaintiff's claims, as currently pleaded, suffer from several obvious defects, some of which are likely to be fatal.  However, whether or not Plaintiff will ultimately be able to state a cognizable federal claim based on these facts, it is readily apparent that the Central District of California is an improper forum.  Like Plaintiff, none of the Defendants is a resident of this judicial district.  Furthermore, all the critical events giving rise to this action occurred in the Middle District of Florida, and the property at issue is located there.  The Central District of California simply has no connection whatsoever to the parties, acts and property at issue in Plaintiff's Complaint.

Although the Central District of California appears to be a patently improper forum, venue may arguably be proper in either the Middle District of Florida, where the majority of Defendants reside, the acts complained of took place, and the property at issue is located, or, potentially, Atlanta, Georgia or Washington, D.C., where at least some Defendants are headquartered.[5]  However, it is plain that the Middle District of

---

[5]  "[A] federal agency does not reside in a district merely by virtue of having an office in that district," but instead "resides" for venue purposes in the district where it is headquartered.  *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp. 2d 454, 463 (S.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-08251 FMO (PVC)                                    Date:  February 4, 2021

Title       Joseph Gilberti, Jr. v. Center for Disease Control, et al.

Florida is the most convenient forum.  Under 28 U.S.C. § 1404, a district court "[f]or the convenience of parties and witnesses, in the interest of justice, may transfer any civil action to any other district or division where it might have been brought. . . ."  28 U.S.C. § 1404(a).  Transfer of venue pursuant to § 1404(a) may be made by motion of either party or by the court *sua sponte*, so long as the parties are first given the opportunity to present their views on the issue.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *see also Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241-42 (S.D. Cal. 2013) (same).

      A court's analysis under § 1404(a) has two steps.  First, the court must decide whether the action "might have been brought" in a transferee court.  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  If so, the court moves to the second step, in which it must consider whether transferring the case is best for convenience and fairness to the parties and the interests of justice.  In determining whether transfer is appropriate in a particular case, a court should consider:  (1) the plaintiff's choice of forum; (2) the parties' contacts with the forum; (3) the contacts in the chosen forum that relate to the plaintiff's claims; (4) the costs of litigation in available forums; (5) the availability of compulsory process to compel the attendance of unwilling witnesses; (6) access to evidence; (7) the interest in having localized controversies decided in that forum; (8) the unfairness of imposing jury duty on citizens in an unrelated forum; and (9) the congestion of dockets in the two districts, measured by the median number of months from filing to trial.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

      Here, the transferee forum -- the Middle District of Florida -- is one in which this action "might have been brought" initially because most Defendants appear to reside there, the vast majority of the events at issue in the Complaint occurred there, and the property at issue is located there.  *See* 28 U.S.C. § 1391(e).  The balance of the "second step" factors heavily favors transfer to the Middle District of Florida as well.  The

---

N.Y. 2005).  Defendant Center for Disease Control is headquartered in Atlanta, Georgia and Defendant United States Department of Justice is headquartered in Washington, D.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 20-08251 FMO (PVC) | Date:  February 4, 2021 |
| Title   Joseph Gilberti, Jr. v. Center for Disease Control, et al. | |

gravamen of the claims and allegations in the Complaint is that Florida state and county agencies and officials, in coordination with some federal actors, conspired to hide a valuable resource located in the Middle District of Florida; most, if not all, of the evidence is located in the Middle District of Florida; compulsory process would not appear to be available to compel unwilling witnesses in Florida to testify elsewhere; and the Middle District of Florida, more than Atlanta or D.C., has an uncontestably greater interest in having a localized controversy about actions taken by Florida officials affecting property in the Middle District of Florida resolved in its own court.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, within **fourteen (14)** days of the date of this Order, why this action should not be transferred to the United States District Court for the Middle District of Florida, Fort Myers Division.  Plaintiff may discharge this Order by filing a declaration setting forth any reason why venue should remain in the Central District of California or stating that Plaintiff does not oppose the transfer.

Alternatively, instead of filing a response to this Order, Plaintiff may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Plaintiff's convenience.**  However, Plaintiff is advised that any dismissed claims may later be subject to the applicable statute of limitations.  **Plaintiff is expressly warned that the failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for failure to failure to comply with Court orders and failure to prosecute.**  *See* Fed. R. Civ. P. 41(b).

The Clerk of the Court is directed to serve a copy of this Order upon Plaintiff at his address of record and on counsel for Defendants.

IT IS SO ORDERED.

| | 00:00 |
|---|---|
| **Initials of Preparer** | mr |